# IN THE COURT OF APPEALS OF IOWA

No. 24-0740
Filed July 23, 2025

**CHARISE BAILEY and GARY D. LASS,**
       Plaintiffs-Appellants,

**vs.**

**JAMIE REBECCA GRIMES,**
       Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Boone County, Angela L. Doyle,

Judge.

        The plaintiffs appeal the judgment entered for the defendant on claims for

damages arising from a motor vehicle collision. **AFFIRMED.**

        Stephen J. Banks of Banks Law Firm, P.C., Waukee, for appellants.

        William H. Larson and Zachary D. Clausen of Klass Law Firm, L.L.P., Sioux

City, for appellee.

        Considered without oral argument by Tabor, P.J., and Schumacher and

Chicchelly, JJ.

**CHICCHELLY, Judge.**

Plaintiffs Charise Bailey and Gary Lass appeal the judgment entered for defendant Jamie Grimes on their claims for damages arising from a motor vehicle collision. They challenge the ruling limiting the testimony of their primary care physicians (PCPs). Because the plaintiffs failed to disclose the information required in the Iowa Rules of Civil Procedure in order for their PCPs to testify as expert witnesses, we affirm.

Bailey was driving a vehicle with Lass in the front-passenger seat when they were rear ended by Grimes while waiting at a median to turn left onto the northbound lane of Highway 69. As a result, Bailey and Lass sued Grimes to recover monetary damages. Because Grimes admits liability, the only question for the jury was whether Bailey and Lass were injured in the accident and, if so, the amount of their damages.

Bailey and Grimes designated a chiropractor as an expert witness. They never designated any other expert medical witnesses. But two weeks before trial was scheduled to begin, they listed their PCPs as witnesses. Because neither was designated as an expert, Grimes moved to limit their testimony. Grimes also complained that the plaintiffs never disclosed the facts and opinions to which the PCPs were expected to testify. After a hearing, the district court limited the PCPs to testifying as lay witnesses by recounting information in Bailey's and Lass's medical records. The court did not allow the PCPs to offer opinion testimony about the plaintiffs' diagnoses, cause of injuries, or future medical treatment.

After a trial, the jury found that Grimes was not a legal cause of damage to either Bailey or Lass. Accordingly, the court entered judgment for Grimes. Bailey and Lass appeal.

We review evidentiary rulings for an abuse of discretion. *Kindig v. Newman*, 966 N.W.2d 310, 317 (Iowa Ct. App. 2021). We reverse for an abuse of discretion if the court's ruling was clearly untenable or clearly unreasonable. *Id.* We review the district court's interpretation of the Iowa Rules of Civil Procedure for correction of errors at law. *McGrew v. Otoadese*, 969 N.W.2d 311, 319 (Iowa 2022).

Iowa Rule of Civil Procedure 1.500 identifies the parties' duties to disclose information about any witnesses that may present evidence at trial. There are additional disclosures required for any parties who may present evidence as expert witnesses. *See* Iowa R. Civ. P. 1.500(2)(a). When a party retains a witness to provide expert testimony, disclosure of their identity must come with a written report prepared by that expert. Iowa R. Civ. P. 1.500(2)(b).

> If an expert witness is not required to submit a written report, the party must still provide a disclosure pursuant to subsection (c). This disclosure is less comprehensive than a written report. It only needs to (1) state the subject matter on which the witness is expected to present evidence under Iowa Rules of Evidence 5.702, 5.703, or 5.705 and (2) provide a summary of the facts and opinions to which the witness is expected to testify.

*McGrew*, 969 N.W.2d at 323 (cleaned up); *accord Mengwasser v. Comito*, 970 N.W.2d 875, 881–82 (Iowa 2022) (stating that rule 1.500(2)(c) "fills the disclosure gap as to experts who do not have to provide rule 1.500(2)(b) reports"). Unless otherwise stated, expert disclosures are due "[n]o later than 90 days before the date set for trial." Iowa R. Civ. P. 1.500(2)(d)(1).

Because Bailey and Lass did not retain their PCPs for litigation, they were not required to disclose expert witness reports under rule 1.500(2)(b). But if they intended their PCPs to give expert witness opinion testimony, they had to make the disclosures required under rule 1.500(2)(c). *See Mengwasser*, 970 N.W.2d at 882 (noting that treating chiropractor who had not been retained for litigation "did not have to provide a rule 1.500(2)(b) report, although he did have to provide a rule 1.500(2)(c) disclosure."). They did not. Because Bailey and Lass failed to make those disclosures, the district court properly exercised its discretion by limiting the PCPs testimony at trial to that of lay witnesses. *See McGrew*, 969 N.W.2d at 324 ("Although the summary of facts and opinions under rule 1.500(2)(c)(2) does not require a high level of specificity, clearly there must be some summary of the actual facts and opinions to which the witness is expected to testify. A mere list of topics or subject areas does not meet the requirements of the rule."); *cf. Mengwasser*, 970 N.W.2d at 882 (finding that the district court abused its discretion by excluding treating chiropractor's opinions on causation and the nature of the plaintiff's injury because the plaintiff timely disclosed a letter from the chiropractor that contained "adequate summaries of his opinions," which "complied in substance" with the requirements of rule 1.500(2)(c)).

**AFFIRMED.**